# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**TENNIE R. WILSON**                                                                 **PLAINTIFF**

**V.**                            **NO. 5:17-CV-118-BRW-BD**

**NANCY A. BERRYHILL, Acting Commissioner**
**Social Security Administration**                                                   **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction:

On April 16, 2013, Tennie R. Wilson applied for disability benefits, alleging disability beginning April 16, 2014. (Tr. at 17) Ms. Wilson's claims were denied initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 26) The Appeals Council denied her request for review. (Tr. at 1) The ALJ's decision, therefore, now stands as the final decision of the Commissioner, and Ms. Wilson has requested judicial review.

## II. The Commissioner's Decision:

The ALJ found that Ms. Wilson had not engaged in substantial gainful activity since the application date of April 16, 2014. (Tr. at 19) At Step Two of the five-step analysis, the ALJ found that Ms. Wilson had the following severe impairments: chronic heart failure, cerebral vascular incident, late effects of cerebrovascular disease, and obesity. (Tr. at 19)

After finding that Ms. Wilson's impairments did not meet or equal a listed impairment (Tr. at 19), the ALJ determined that Ms. Wilson had the residual functional capacity ("RFC") to perform the full range of light work with no additional limitations. (Tr. at 20)

The ALJ next found that Ms. Wilson was unable to perform any past relevant work. (Tr. at 24) After considering Ms. Wilson's age, education, work experience and RFC, and Medical-Vocational Rule 202.21, however, the ALJ found at Step Five that Ms. Wilson was capable of performing work in the national economy. (Tr. at 25) Based on this finding, the ALJ held that Ms. Wilson was not disabled. *Id.*

## III. Discussion:

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support he ALJ's decision." *Id. Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009)(citation omitted). In reviewing the Commissioner's decision, the Court must

consider not only evidence that supports the decision, but also, evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B.  Ms. Wilson's Arguments on Appeal

Ms. Wilson contends that substantial evidence does not support the ALJ's decision to deny benefits. Her sole argument is that the ALJ erred in finding that she had sufficiently recovered from her stroke to be able to perform light work. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

A claimant's RFC represents the most she can do despite the combined effects of all of his credible limitations, and an RFC determination must take into account all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The following review of the medical records reflects that the RFC for light work captured all of Ms. Wilson's credible limitations.

Ms. Wilson suffered a stroke in February of 2014, and was diagnosed with cerebral vascular accident with severe mitral and tricuspid regurgitation. (Tr. at 224-225)

She had a mitral valve replacement with St. Jude mechanical prosthesis and tricuspid valve repair (Tr. at 226) After the operation, Ms. Wilson was prescribed Coumadin. *Id*.

On April 15, 2014, Ms. Wilson presented for a follow-up examination, and notes from that visit indicate that she was doing remarkably well. (Tr. at 580) A May 2014 echocardiogram showed normal systolic function and ejection fraction at 55%. (Tr. at 588) As of June 18, 2014, she was still doing well, and the doctor commented that her echocardiogram looked great. (Tr. at 640) Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). The ALJ had support for his determination that Ms. Wilson recovered well after her stroke.

In September of 2014 and March of 2015, clinical notes show that Ms. Wilson had a good resolution of vascular symptoms. (Tr. at 655, 737) An April 2015 echocardiogram showed good left ventricle function and a normally functioning mitral valve prosthesis. (Tr. at 726) Normal examination findings are not indicative of disabling pain. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Moreover, Ms. Wilson reported no chest discomfort and no stroke-like symptoms in April of 2015. (Tr. at 820) By November of 2015, she was doing well, with no signs of angina or heart failure. (Tr. at 816) The Court also notes that Ms. Wilson's doctors did not place her on any physical restrictions, but rather, urged her to engage in normal activity, including exercise, and to follow a healthy diet. (Tr. at 227, 705, 801, 815) A lack of physician-imposed restrictions may serve as a

reason to discredit a claimant's credibility as to the severity of her impairments. *Hensley v. Barnhart*, 352 F.3d 353, 357 (8th Cir. 2003). Moreover, a physician's recommendation to exercise suggests that the claimant had increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir. 2009).

Ms. Wilson complained of leg and chest pain at various clinic visits, but she did not take any pain medication and did not seek a pain management consultation. (Tr. at 578, 698) The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

Ms. Wilson was diagnosed with peripheral artery disease ("PAD"), but between March and December of 2014, she had no discoloration or ulceration on her lower extremities and had full and equal peripheral pulses. (Tr. at 225, 452, 458, 591, 641, 824-828) While an angiography of the left leg showed occlusion in May of 2015, Ms. Wilson's doctor noted that the pain had persisted for only two weeks, and she had no systemic symptoms. (Tr. at 700)

Ms. Wilson reported she was doing well in November of 2015. (Tr. at 708, 813, 815) Her PAD did not meet the durational requirement for a severe impairment. Under the Commissioner's regulations, a physical or mental impairment must last, or be expected to last, not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). Multiple records from the relevant time-period showed no edema, full muscle strength and tone, and normal gait. (Tr. at 331, 324, 591, 641-655, 813-828)

No treating physician offered an opinion about Ms. Wilson's functional abilities, so the ALJ was right to rely upon the two state-agency medical consultants' opinions. They both opined, after a review of the medical records, that Ms. Wilson could perform light work. (Tr. at 52, 65)

Ms. Wilson also indicated that she was able to perform some activities of daily living in spite of her symptoms. She could walk up to a half-mile, cook meals twice a week, do laundry, and wash dishes. (Tr. at 21, 22) She did say that she had to take breaks and prop her leg up between chores, but even so, these activities of daily living undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

While Ms. Wilson complained of severely limiting symptoms arising from her stroke and subsequent surgery, the medical records do not offer support for her complaints. The ALJ properly considered the record as a whole in finding that Ms. Wilson could perform light work, and the Court should not disturb that finding.

## IV. **Conclusion:**

There is substantial evidence to support the Commissioner's decision that Ms. Wilson was not disabled. The medical records support the RFC for light work. The decision, therefore, should be affirmed and the case should be dismissed, with prejudice.

DATED this 12th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE